ELSIE M. GLEN, RESPONDENT, v. NATHAN MARCUS, MAX MARCUS, WILLIAM MARCUS, INDIVIDUALLY AND DOING BUSINESS AS THE CITY HALL BAKERY AND LUNCH ROOM, APPELLANTS.

Argued October 2, 1934—Decided March 9, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellants, *Nathan Baker.*

For the respondents, *Bauer & Ranker.*

LLOYD, J. The action was based on a book account, and a sheet of paper containing dates, the word "merchandise" and certain figures of values, and purporting to be the "book account" was admitted in evidence over objection and excep-

tion. There was judgment for the plaintiff and the defendant appeals. Among the grounds urged for reversal are that this account was improperly received in evidence.

We think this contention is well founded. One Greenwald, a salesman of the plaintiff firm, testified that he was familiar with transactions of the defendants and that the goods and merchandise sued for were ordered by the defendants. He produced what is called a book account on a sheet of paper as above described. The integrity of the sheet was not established nor was it sufficient in character to be received as a book of original entries. Whether it was part of a larger volume of sheets; whether the entries were original; when and by whom the entries were made; whether the book represented the daily transactions in the plaintiff's business, does not appear. The entry of the word "merchandise" was meaningless as defining the articles sold. The sheet, therefore, exhibited none of the essentials of a book of original entry, and in its charges gave the defendant no information as to the identity of the things priced and for which they were called upon to pay.

While there was proof otherwise as to the sale and delivery of certain goods as specified in the state of demand, receipt of these goods was denied by the defendants, and the book account may well have established as it did, if adequate for the purpose, a presumption of sale and delivery, and might have influenced the decision in favor of the plaintiff.

The judgment is reversed, and a retrial directed.